UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PHIL AKERS and )
DONNA AKERS, )
 )
    Plaintiff, )
 )  No. 3:10-CV-48
 )
V. )
 )
DELORES CASHEN, )
 )
    Defendant. )

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 18]. This case is now before the Court for entry of a judgment against the Defendant.

**I.    BACKGROUND**

In their Complaint [Doc. 1], the Plaintiffs allege that on September 5, 2009, at approximately 3:45 p.m., Plaintiff Phil Akers was driving a motorcycle proceeding westbound on U.S. Highway 25/70. Plaintiff Donna Akers was riding as a passenger on the same motorcycle. As the Plaintiffs' motorcycle approached an intersection, Mr. Akers slowed the motorcycle to a complete stop. The Defendant was driving a vehicle, which failed to stop at the intersection. Instead, it collided with the rear of the motorcycle occupied by the Plaintiffs. The crash of the vehicles threw the Plaintiffs off the motorcycle, and the Plaintiffs were forced to seek medical treatment for the injuries they received as a result of the crash. [Doc. 1 at ¶ 4].

The Plaintiffs filed their Complaint in this matter on February 8, 2010. The Defendant was served with a summons on February 24, 2010. [Doc. 3 at 2]. On October 25, 2010, the Plaintiffs filed a Motion for Default [Doc. 15], based upon the Defendant's failure to answer the Complaint. The Honorable Thomas W. Phillips granted the Motion for Default on November 4, 2010 [Doc. 16], without determining the amount of Plaintiffs' damages. The case was consented to the undersigned November 12, 2010, [Doc. 18], for all further proceedings.

The Plaintiffs have waived their right to a jury determination in this matter, and accordingly a hearing to address the Plaintiffs' damages was held March 21, 2011. Attorney Casey Carrigan was present representing the Plaintiffs, who were also present. The Defendant was present, representing herself. The Court heard testimony from both Mr. Akers and Ms. Akers, and the Defendant was afforded an opportunity to cross-examine both Plaintiffs, though she declined to do so. The Plaintiffs submitted three exhibits at the hearing– a summary of Mr. Akers's medical expenses, a summary of Ms. Akers's medical expenses, and a list of personal property damaged in the incident. [See Doc. 26]. The Defendant made a brief statement to the Court in response to the Plaintiffs' testimony and submissions.

At the conclusion of the hearing, the Court gave the Plaintiffs leave to file proposed findings of fact, within two weeks. The Plaintiffs filed their Proposed Findings of Fact [Doc. 28], on April 1, 2011. The Defendant was also given leave to file any supplemental documents, within two weeks of the hearing. On April 6, 2011, the Defendant filed documents relating to her monthly income and expenses. Though these documents were filed out of time, the Court reviewed these documents prior to rendering the below decision.

**II.  FINDINGS OF FACT**

1. As a result of a collision between the parties' vehicles that occurred September 5, 2009, the Plaintiffs sustained injuries, pain, suffering, medical expenses, loss of wages, and other damages, including property damage to their vehicle and personal effects.  The acts of the Defendant were the proximate and legal cause of the Plaintiffs' injuries and damages.

2. Mr. Akers was driving the motorcycle, with which the Defendant's vehicle collided.

3. Mr. Akers sustained injuries to his right shoulder with pain radiating down to his right hand and fingers.  He also experienced neck pain that radiated in between his shoulder blades on a constant basis.  He sustained cuts, scrapes, and abrasions.

4. Mr. Akers's treating physician recommended that he have surgery on his shoulder.

5. Records of Mr. Akers's medical expenses have been entered into evidence as **Exhibit 1**, to the hearing held March 21, 2011.  The Court finds these records present an accurate basis for calculating Mr. Akers's medical expenses, which total $15,079.44.

6. The cost of repairing Mr. Akers's motorcycle was $8,000.00.

7. Mr. Akers missed three days of work following the accident.  He lost $200 in income each day he was out of work.  In total, he lost $600.00.

8. Ms. Akers was a passenger riding on the motorcycle with which the Defendant's vehicle collided.  Ms. Akers was thrown from the motorcycle upon impact.

9. Ms. Akers sustained injuries to her upper back and neck.  She experiences muscle spasms in her neck and shoulders and has experienced frequent, severe headaches.  Ms. Akers has two bulging discs as a result of the accident, and she has suffered increased anxiety and depression since the accident.

10. Ms. Akers continues to receive treatment for her head and back pain.

11. Records of Ms. Akers's medical expenses have been entered into evidence as **Exhibit 2**, to the hearing held March 21, 2011. The Court finds these records present an accurate basis for calculating Ms. Akers's medical expenses, which total $12,449.73.

12. Ms. Akers is now limited in her ability to attend her daughter's school sports functions, such as basketball games, due to the aggravation of her headache by noise and light.

13. Ms. Akers quit her employment as a Mary Kay representative due to her frequent headaches. As a representative, Ms. Akers earned between $600.00 and 800.00 per month, prior to the accident.

14. Finally, a list of the Plaintiffs' personal property damages have been entered into evidence as **Exhibit 3**, to the hearing held March 21, 2011. The Court finds this list, composed by the Plaintiffs, presents an accurate basis for calculating the Plaintiffs' personal property losses, which total $1,221.94.

### III. AWARD OF DAMAGES

Based upon the above findings of facts, the Court finds that the Plaintiffs have incurred the following damages as a legal result of the Defendant's negligence and the collision on September 5, 2009.

The Plaintiffs have incurred **$27,529.17** in medical damages and **$9,221.94** in personal property damages. The Court further finds that the Plaintiffs have lost income in the amount of

**$12,000.00**,[1] as a result of the accident.  The Court finds no award of loss of earning capacity to be appropriate, as the Plaintiffs presented no evidence that their injuries would affect their earning capacity in the future.  Finally, the Plaintiffs shall be awarded **$85,000.00** in damages for their pain and suffering as a result of this accident.

Accordingly, the Clerk of Court **SHALL ENTER** a Judgment in the Plaintiffs' favor awarding **$133,751.11** in damages against the Defendant.

**ORDER ACCORDINGLY.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Loss of income by Mr. Akers ($200/day x 3 days) + Loss of income by Ms. Akers ($600/month x 19 months)=$12,000.00.